WILLIAM I. CIRWITHIN, Administrator of ISAAC CIRWITHIN, deceased, d. b. a. *vs.* MILES T. MILLS, Agent for SAMUEL SHORT, p. b. r.

Sussex County, April Term, 1896.

**Practice. Amendment.**—Where a plaintiff sues an agent for another, he may be permitted to amend, on payment of the costs of the term, after closing his case, by striking out the agency and making himself a plaintiff in his own right; but on the statement of counsel that the defendant is surpassed and has a good defence to the case as it stands after amendment, a juror will be withdrawn and the case continued.

**Evidence. Statute of Limitations.**—In an action by an administrator the declarations of the decedent are admissible for the purpose of removing the bar of the statute of limitations.

This was an action of assumpsit for goods, wares and merchandise, sold and delivered.

At the trial, after offering in evidence the probated account of the plaintiff below, *W. F. Causey,* for the plaintiff, asked the witness Ezekiel Fitzgerald, whether he had had any conversation with Isaac Cirwithin, deceased, in his lifetime in relation to the claim of the plaintiff, and if so, when and what was the conversation. The witness proceeded to state that he had had a conversation with Mr. Cirwithin in October, 1891, in which the latter said : " I owe Mr. Mills for a ton of fertilizer, and it seems as though I cannot get hold of money enough to pay for it."

This was objected to by *C. F. Richards,* for the defendant, on the ground that declarations made by the deceased cannot be given in evidence, in order to raise the bar of the statute of limitations.

LORE, C. J. That question was passed upon in a case that I tried in New Castle County, viz., that of *Greenman vs. Wilson,* where the latter's dying declarations were admitted for the purpose of removing the bar of the statute of limitations) As JUDGE

GRUBB suggests, *a fortiori*, if an administrator could raise it, certainly the deceased party could do so. The question is admissble.

Having concluded putting in the plaintiff's testimony, *Causey*, for the plaintiff, asked leave to amend the title of the case in his *narr* by striking out the words "Agent for Samuel Short," thereby making the plaintiff stand, "Miles T. Mills" contending that having shown the interest of Miles T. Mills by the testimony, said Mills had a cause of action in his own name, as it was laid down in *Stilley vs. Layton*, 2 Harring. 149, by Chief Justice Clayton that a general agent with an interest may sue in his own name, and he, therefore, applied for leave to amend, which was a right granted by the Constitution.

*Richards*, for the defendant. The cases cited on the other side go to the extent that the changing of parties is permitted before the beginning of the trial. The defendant is not apprised of the character and nature of the defense that he can make in any court of justice if this amendment is allowed and the case proceeds. He did not come here as the assignee of Samuel Short, but as the agent of Samuel Short. We are here to defend that suit. It introduces a new party when this man is shifted from an agent to an individual. If we have an opportunity to get the witnesses, we can show conclusively that Mr. Mills has no claim whatever, and further than that, that Mr. Short claims this debt to-day. But we have made no preparation to show this defense in this present form of action

LORE, C. J. You have no new party to the record, but he simply asks leave to strike off the agency and leave Mills standing alone. This is a constitutional right; and we must not stand on technical grounds. Cases are to be tried on their real merits and not according to technical rules. If he could have sued in his own name originally, can he not strike off the use and sue in his own name now?

Opinion.

GRUBB, J.   Chitty on Pleading lays down the doctrine that in general, actions on contract must be brought in the name of the party in whom the legal interest in such contract is vested.   " But when an agent has any beneficial interest in the performance of the contract, as for commission, &c., or a special property or interest in the subject matter of the agreement, he may support an action in his own name upon the contract."

" Where a person assumes, on the face of the contract, the character, not of a principal, but of an agent to another named person, he cannot retract that assumed capacity, and sue as a principal, without previously undeceiving the defendant, and giving him notice of the real nature and extent of his, the plaintiff's, claim and interest."

The rule is that if the evidence shows a variance between the character in which he sues and the right or cause of action shown by the facts in the case, there is a nonsuit.

This man sues as agent for Samuel Short.   That implies that he sues for the use of Mr. Short, his principal, and it implies also that the money is all due to Mr. Short, and none of it due to the agent.   The defendant is so sued, and comes before the jury prepared to prove, if the jury believe it, that Mr. Short's debt was really paid and therefore that he does not owe Mr. Short anything. If that is so, the plaintiff has sued the defendant for the purpose of compelling him to pay Mr. Short and not himself.   He notifies the defendant to defend himself against Mr. Short's claim and not against his, the agent's, claim.   Now, the plaintiff is undertaking to say that he has shown by his witnesses that Mr. Short had transferred the claim to him, and did not show that under the contract he was entitled to any special commissions out of this particular money or had any particular interest in this particular ton of phosphate ; so that there is no evidence that would bring it within the case cited from 2 Harrington.   Now he comes and asks us to allow him to amend his suit so as to entirely change the party plaintiff.   The plaintiff claims that while Mr. Short was the real creditor, yet that the defendant did not owe the claim to him which he undoubtedly

had in the first instance against the defendant, but that the claim is due him, Mills, because he says Mr. Short transferred the said claim to him upon his giving him the amount of it.

The plaintiff gave the defendant no notice by his pleading when he sued him as representing Mr. Short and not himself, to prepare himself to meet that assertion of his that it had been so transferred to him, so that the defendant could bring witnesses to show either that he himself was not worthy of credit, or to show by the statements of Mr. Short that he never transferred this claim to this plaintiff.

There are cases where the Court would allow amendments, even at this stage of the trial. That was done in *Beeber vs. Lycoming Fire Insurance Co.*, 7 Houst. 474. That, however, was not this kind of a case, but was a case where the plaintiff and the defendant and the cause of action remained the same. The question raised here by the plaintiff, however, is whether he may substitute an entirely new claim. Suppose I bring a suit against Mr. Richards for damages to property which I think I own, but it turns out from the evidence that that property belongs to Mr. Causey, would it be contended that 1 would be allowed to amend and substitute Mr. Causey as plaintiff?

I, myself, think that the plaintiff is not entitled in this case to have leave to amend, because he substitutes an entirely new party and cause of action; and even if allowed to amend, he would have to bring it as a transferred claim from Short to Mills. He would have to sue in Short's name for his, Mills's, use.

MARVEL, J. How does this motion affect the parties? As I take it, the question here is as to the plaintiff's right to amend at this stage of the case, so as to allow the plaintiff to be Miles T. Mills for his own interest, instead of Miles T. Mills, agent for Samuel Short. As to the effect of the evidence, if you have a right to amend, you must take your chances as to any defect. I don't see at this stage of the case, what the effect of the evidence has to do with the amendment. If you have a right to amend,

and the evidence afterwards does not support your case, as amended, that would be the plaintiff's misfortune. The only question, as I see it, is, have you a right to amend your suit at this stage?

It is not like the case suggested where a different party is brought in unknown to the record. In this case the parties are all in Court, all upon the record; but the plaintiff seeks to strike out or change. It is now, as he says, for the use of Short, and he strikes out, leaving him suing in his own name and right.

If it takes the defendant by surprise, because of not having an opportunity to prepare his defence, then will come the question of the terms upon which the amendment will be allowed. If the amendment be such that the defendant could not be prepared for want of notice, to go ahead and prepare for trial at this time, then he would be entitled to a continuance as part of the terms.

It seems to me that this party is already a party of record, and it is no hardship to the defendant and no surprise to him.

LORE, C. J. A majority of the Court think we ought to allow the amendment and strike off the agency. Mr. Richards states that he is surprised and that he can prove a defense to the claim of the plaintiff if the case is continued, and we will always take the statements of any of the members of this bar until we find they are not to be credited. The case is continued upon payment of costs of this term by plaintiff below. Let a juror be withdrawn and the case continued. We will not fix any time, but you cannot go on with the case until the costs are paid.